UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CHAMBERS OF**
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862

## LETTER ORDER

Re:   Prestige Institute for Plastic Surgery, P.C., et al.
      v. Horizon Blue Cross Blue Shield of New Jersey, et al.
      Civil Action No. 2:20-cv-00495 (ES)(CLW)

Dear Counsel and Parties,

The Court has reviewed the parties' submissions in connection with Plaintiffs' motion for leave to file an amended complaint [ECF No. 32-35]. For the reasons stated below, Plaintiffs' motion is GRANTED.

Plaintiffs in this matter are healthcare providers seeking to recover sums claimed owed to them by the defendants, which are healthcare insurance companies. Broadly, Plaintiffs' proposed amended complaint (the "PAC") adds certain allegations which do not appear in the original complaint (the "Complaint"); removes certain others; and eliminates defendant Horizon Blue Cross Blue Shield ("Horizon") as a defendant, proceeding against defendant Independence Blue Cross ("IBC") only. Horizon does not oppose Plaintiffs' motion; IBC does.

Plaintiffs' motion is governed by FED. R. CIV. P. 15(a)(2), under which "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The "three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend [are] when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co., 839 F.3d 242, 249 (3d Cir. 2016) (quoting U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014)). The Third Circuit "has interpreted these factors to emphasize that 'prejudice to the non-moving party is the touchstone for the denial of the amendment.'" Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Cornell & Co. v. Occupational Safety and Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)).

IBC's opposition is based on a plan provision stating that "no [legal] action may be taken later than two years after the date Covered Services are rendered." ECF No. 34 at 7. IBC contends that the relevant dates of service were more than two years before the filing of the Complaint, rendering the action untimely, and in turn, the PAC futile. Id. at 8.

"A court denies a motion to amend on futility grounds if the complaint, as amended, would fail to state a claim upon which relief could be granted. We assess futility with the same standard of legal sufficiency as applies under Rule 12(b)(6)." Woodend v. Lenape Reg'l High Sch. Dist., 535 F. App'x 164, 168 (3d Cir. 2013) (citations and quotation marks omitted). To withstand a 12(b)(6)

motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570) (2007) (quotation marks omitted)). In conducting this analysis, a court must "accept as true all of the factual allegations, as well as all reasonable inferences, reasonably drawn from the complaint, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citing cases).

 IBC's futility argument fails. First, timeliness concerns generally are not the province of Rule 12(b)(6). "Only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations' will a complaint fail to survive 12(b)(6) scrutiny and, thus, be considered futile for the purposes of a motion to amend." Hoover v. Besler, 2015 U.S. Dist. LEXIS 135182, at *11 (D.N.J. Oct. 5, 2015) (quoting Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014); citing Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002)). Conversely, therefore, "[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Schmidt, 770 F.3d at 249 (quoting Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002)). As IBC's cited provision does not appear in the PAC (or the Complaint), this case is one in which "the [timeliness] bar is not apparent on the face of the complaint". To this end, IBC's argument requires examination of materials outside the pleadings, which is improper on the present motion. See, e.g., Marrin v. Capital Health Sys., 2015 U.S. Dist. LEXIS 10243, at *23 (D.N.J. Jan. 29, 2015) ("Defendants' assertion [in opposing amendment] . . . requires facts outside the pleadings to establish. Thus, Plaintiff's Motion to Amend the Complaint . . . is granted.").

 Relatedly, Plaintiffs argue on reply that IBC's timeliness argument fails because of the discovery rule – i.e., Plaintiffs will take the position that they sued within two years of discovering (or when they should have discovered) the alleged loss. ECF No. 35 at 5; see, e.g., Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 520 (3d Cir. 2007) ("Under [the discovery] rule, a statute of limitations begins to run when a plaintiff discovers or should have discovered the injury that forms the basis of his claim.") (citing Romero v. Allstate Corp., 404 F.3d 212, 222 (3d Cir. 2005)). The discovery rule presents a question of fact not properly disposed on a motion to dismiss, or, by extension, on a motion to amend. See, e.g., FastShip, LLC v. Lockheed Martin Corp., 2018 U.S. Dist. LEXIS 113575, at *34 (D.N.J. June 25, 2018) (denying motion to dismiss where "Plaintiffs rely on the discovery rule, which implicates factual matters outside the pleadings and beyond the scope of this motion to dismiss and requires the Court to draw conclusions outside the scope of the Court's inquiry on a 12(b)(6) motion") (citing TL of Fla., Inc. v. Terex Corp., 54 F. Supp. 3d 320, 329 (D. Del. 2014)); cf., e.g., Fried v. JPMorgan Chase & Co., 850 F.3d 590, 604 (3d Cir. 2017) ("[T]he applicability of the statute of limitations usually involves questions of fact for the jury . . . .") (quoting Van Buskirk v. Carey Can. Mines, Ltd., 760 F.2d 481, 498 (3d Cir. 1985)).

 A final procedural note: each of the two defendants has moved to dismiss the Complaint. ECF No. 16, 17. Plaintiffs represent, and Defendants do not contest, that the PAC resolves the dismissal motions. ECF No. 32-1 at 4. A review of the PAC and the motion to dismiss briefing supports this contention. As noted, the PAC removes Horizon as a defendant, thus mooting Horizon's motion. As to IBC, its motion: (i) attacks Plaintiffs' assignment theory of recovery; (ii) argues that Plaintiffs fail to identify plan provisions entitling them to relief; and (iii) contests Plaintiffs' claims under the statutes and regulations cited in the Complaint. ECF No. 16. The PAC addresses each of these: it alleges a power of attorney theory of recovery in place of the Complaint's assignment theory; adds details concerning the plan benefits that IBC allegedly did not provide; and eliminates claims arising

2

from the Women's Health and Cancer Rights Act.[1] See generally ECF No. 32-3. As a result, the Court will administratively terminate Horizon's and IBC's motions to dismiss.

For the reasons stated herein, it is hereby

**ORDERED** that Plaintiffs' motion to amend the complaint [ECF No. 32] is GRANTED; and it is further

**ORDERED** that Plaintiffs shall file their amended complaint in the form appearing at ECF No. 32-2 within seven (7) days of this Order; and it is further

**ORDERED** that the parties shall submit a stipulation of dismissal as to defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon") within seven (7) days of this Order; and it is further

**ORDERED** that Horizon's motion to dismiss [ECF No. 17] and defendant Independence Blue Cross's motion to dismiss [ECF No. 16] are administratively terminated.

May 28, 2021

/s/ Cathy L. Waldor
Cathy L. Waldor, U.S.M.J

---

[1] IBC also argues that Plaintiffs' claims under 29 C.F.R. § 2560-503.1 are improper; however, the Court agrees with Plaintiffs that this regulation merely provides a "deemed exhaustion" backdrop for Plaintiffs' claims, rather than serving as the vehicle under which they proceed. D.E. 19 at 23 n.11.